# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:18-cr-164 (2) |
| v. | : Judge Thomas M. Rose |
| CHARLES MINOR, | : |
| Defendant. | : |

## ENTRY AND ORDER DENYING "MOTION FOR COURT ORDER GRANTING IMMEDIATE RELEASE TO HOME CONFINEMENT PURSUANT TO THE CARES ACT" (DOC. 68)

This case is before the Court on the "Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to CARES Act" (Doc. 68) (the "Motion") filed by Charles Minor ("Minor").[1]  Minor is currently incarcerated at Loretto FCI [Federal Correctional Institution] in Pennsylvania.  The United States (the "Government") filed a response (Doc. 69), opposing the Motion on multiple grounds.  Minor then filed a "Supplement to the Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to the CARES Act" (Doc. 70), which the Court construes as a reply in support of the Motion.  The matter is ripe for review.

In the Motion, Minor, acting *pro se*, asks that this Court "issue an ORDER to the BOP [Bureau of Prisons] requiring the immediate release of [Minor] to home confinement under the CARES Act."  (Doc. 68 at PAGEID # 204.)  Thus, Minor asks that the Court order the Bureau of Prisons ("BOP") to change the place where his sentence will be served from Loretto FCI to his

---

[1] The CARES Act is the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).

1

home.

The Court lacks authority to grant Minor's request. It is the BOP that has the authority to determine the place of a defendant's confinement, not the courts. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) ("The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment … [a]ccordingly, the district court did not err in concluding that it could not split [defendant's] mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP").

The CARES Act did not change this fact. *See* CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2)[2]; *United States v. Rocha-Ayon*, No. 2:17-cr-48, 2020 U.S. Dist. LEXIS 80616, at *1-2 (S.D. Ohio May 7, 2020) (denying defendant's motion to order the BOP to permit him to serve the remainder of his sentence on home confinement, and collecting cases); *United States v. Ralston*, No. 3:13-cr-105, 2020 U.S. Dist. LEXIS 89106, at *2-3 (W.D. Ky. May 21, 2020) (explaining that the CARES Act expanded the period of home confinement that the Director of the BOP can authorize for a prisoner during the COVID-19 emergency period, finding that courts have no authority under the CARES Act to order that a prisoner be placed on home

---

[2] That provision states: "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."

confinement, collecting cases, and explaining how a prisoner may be able to seek court review of the BOP's decision but would first need to exhaust administrative remedies). Therefore, the Motion must be denied.

Additionally, the Court clarifies that the Motion is not a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The request that Minor made to the Warden on March 25, 2020 asks for an "immediate release" to stay at his home so that he can "get away from this risk" posed by COVID-19. (Doc. 70 at PAGEID # 225.) As he refers to it in the Motion, Minor asked the Warden to consider him for "direct release to home confinement for the balance of [his] sentence." (Doc. 68 at PAGEID # 200.) It does not ask the Warden to file anything with the Court, let alone reference 18 U.S.C. § 3582 or "compassionate release." The Motion clearly shows that Minor's complaint is that the BOP apparently changed its decision from (on April 13, 2020) initially approving him for release to serve his sentence under home confinement to (on or around April 28, 2020) realizing that Minor "was not eligible to be released to complete [his] sentence on home confinement" because he, undisputedly, "has yet to serve 50% of his sentence." (*See* Doc. 68.) Citing two non-binding district court cases from outside the Sixth Circuit, Minor argues that "there now exists a legal basis by which the court may assume jurisdiction in ordering immediate release to home confinement … under the CARES Act." (Doc. 68 at PAGEID # 204.) However, as shown above, the Court finds that it lacks the authority to do so.[3]

Finally, even if the Court construed the Motion as one for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), which it is not, Minor failed to satisfy either of the prerequisites under that statute that would allow him to file such a motion. And, as the

---

[3] In his reply, Minor cites to other non-binding district court cases from outside the Sixth Circuit, and one district court case from the Eastern District of Michigan. However, that case involved a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release, and its facts are distinguishable from those presented here.

3

undersigned has previously determined, and in line with the majority of courts that have analyzed the issue, the Court cannot waive those prerequisites. *United States v. Jackson*, 2020 U.S. Dist. LEXIS 84992, 2020 WL 2494475 (S.D. Ohio May 14, 2020) (relying on text of statute, *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016), and *U.S. v. Raia*, 954 F.3d 594 (3d Cir. 2020)).

Section 3582(c)(1)(A) expressly provides that the court "may not modify a term of imprisonment" upon a motion brought directly by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Although Minor argues in his reply[4] that he "completed" the exhaustion requirement prior to filing the Motion (Doc. 70), the Court disagrees.

As shown above, Minor never requested that the Warden or BOP bring a motion to reduce his sentence on his behalf. Therefore, Minor fails to show that either condition of the statutory exhaustion requirement in § 3582(c)(1)(A) has been fulfilled. *See also United States v. Alexander*, No. CR 14-126-JWD-EWD, 2020 U.S. Dist. LEXIS 84022, at *12, 2020 WL 2468773 (M.D. La. May 13, 2020) (explaining that "a request for home confinement under § 12003 of the CARES Act (which Defendant made to the Warden) is different than a request under § 3582(c)(1)(A) for the warden 'to bring a motion on the defendant's behalf' to modify his sentence" and, therefore, "[t]he former does not satisfy the exhaustion requirement of the latter"); *United States v. Bardel*,

---

[4] The reply explains that it is "a supplement which cites new District Court decisions of judges who have assumed jurisdiction pursuant to the CARES Act, ordering the immediate release of inmates to home confinement who do not qualify for relief under the current BOP policy." (Doc. 70 at PAGEID # 216.) Like the Motion, it takes issue with the fact that he (allegedly) meets all of the BOP's requirements for release to home confinement, except that he has "not completed 50% of [his] sentence."

4

No. 15-CR-654, 2020 U.S. Dist. LEXIS 70424, at *2 (S.D.N.Y. Apr. 21, 2020) ("there is no indication that [defendant] has requested that the BOP bring such a motion [under 18 U.S.C. § 3582(c)(1)(A)] on his behalf" so, therefore, "[a]t this time … the Court lacks authority to consider [defendant's] request"); *United States v. Shields*, No. 12-cr-410, 2017 U.S. Dist. LEXIS 96051, at *4 (N.D. Cal. June 21, 2017) (recognizing the difference, even before the CARES Act and First Step Act, between a motion to reduce a sentence pursuant to § 3582(c)(1)(A) and a motion to serve the remainder of a sentence in home confinement).  Again, given such a failure, the Court would be unable to modify Minor's term of imprisonment even if it construed the Motion as one for a reduction in his term of imprisonment pursuant to § 3582(c)(1)(A).  18 U.S.C. § 3582(c)(1)(A); *Jackson*, 2020 U.S. Dist. LEXIS 84992, at *2-8; *Ross*, 136 S. Ct. at 1856-57; *Raia*, 954 F.3d at 597.

In summary, this Court does not have the authority to order the BOP to immediately release Minor to serve the remainder of his sentence in home confinement pursuant to the CARES Act (or otherwise order the BOP to change the place where his sentence will be served).  Additionally, even if the Court deemed the Motion to be a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (which it does not), Minor did not satisfy the prerequisites for filing such a motion.  Therefore, the Court **DENIES** Minor's "Motion for Court Order Granting Immediate Release to Home Confinement Pursuant to CARES Act" (Doc. 68).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 26, 2020.

                                                                                                s/Thomas M. Rose

                                                                          THOMAS M. ROSE
                                                     UNITED STATES DISTRICT JUDGE